JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kadeedra Bright

## DEFENDANTS

Community Interactions, Inc.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin I. Lovitz
Lovitz Law Firm, P.C.
1650 Market Street, 36th Fl., Phila., PA 19103 (215)735-1996

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000(e), et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  5/cn/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1512 Elson Road, Brookhaven, Pennsylvania _____

Address of Defendant: _____ 740 S. Chester Road, Swarthmore, Pennsylvania _____

Place of Accident, Incident or Transaction: _____ 740 S. Chester Road, Swarthmore, Pennsylvania _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 5/29/19 _____ _____ 70184

Attorney-at-Law / Pro Se Plaintiff | Attorney I.D. # (if applicable)

---

CIVIL: (Place a √ in one category only)

*A.*    *Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [✓] 11. All other Federal Question Cases
  *(Please specify):* _____ 42 USC §2000(e), et seq. _____

*B.*    *Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Kevin I. Lovitz, Esquire _____, counsel of record *or pro se plaintiff*, do hereby certify:

- [✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [✓] Relief other than monetary damages is sought.

DATE: _____ 5/29/19 _____ _____ 70184

Attorney-at-Law / Pro Se Plaintiff | Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**     **APPENDIX C**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kadeedra Bright | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| Community Interactions, Inc., | : | |
| Defendant. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ☑

_5/29/19_
**Date**

**Attorney-at-law**

Kevin L Lovitz, Esquire

**Attorney for** Kadeedra Bright

(Civ. 660) 7/95

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KADEEDRA BRIGHT,                                    :
                                                    :
                        Plaintiff,                  :        CIVIL ACTION
                                                    :        NO.:
            v.                                      :
                                                    :
COMMUNITY INTERACTIONS, INC.,                       :
                                                    :
                        Defendant.                  :

## COMPLAINT AND JURY DEMAND

### I.     PRELIMINARY STATEMENT

Plaintiff, Kadeedra Bright, claims of Defendant, Community Interactions, Inc., a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in damages upon a cause of action whereof the following is a statement:

1.     This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2.     This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000(e), *et seq.*, and is brought by the Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation with respect to her compensation, terms, conditions and privileges of employment by the Defendant, based on her sex.

### II.    JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title VII, which provide for original jurisdiction of Plaintiff's claim arising under the

laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.      The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.      The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367, to consider Plaintiff's discrimination claims arising under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA").

6.      All conditions precedent to the institution of this suit have been fulfilled. On March 27, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.  This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice.  The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.     PARTIES

7.      Plaintiff is an individual and citizen of the Commonwealth of Pennsylvania, who resides at 1512 Elson Road, Brookhaven, Pennsylvania.

8.      Defendant, Community Interactions, Inc., was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 740 S. Chester Road, Swarthmore, Pennsylvania.

9.      At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10.     Defendant has been "person(s)" and "employer(s)" as defined under Title VII and the PHRA, and are subject to the provisions of each said Act.  At all times relevant hereto, Plaintiff was either individually or jointly employed by Defendant.

## IV.    STATEMENT OF CLAIM

11.     Plaintiff was employed by Defendant from November 4, 2014, until on or about April 5, 2018 when she was terminated from her employment as a result of unlawful discrimination complained of herein.

12.     During the course of her employment, Plaintiff held the position of Home Theater Sales Supervisor and the position of CNA at the time of her discharge.

13.     Throughout her tenure of employment, Plaintiff performed her job functions in a dutiful and competent manner for Defendant.

14.     During the course of her employment, Plaintiff was subjected to an instance of sexual harassment by her co-worker, Ellis Broderick.

15.     On said occasion, Broderick touched Plaintiff's breast and engaged in other sexually-inappropriate behavior.

16.     Plaintiff resisted and opposed Broderick's inappropriate sexual actions upon her.

17.     On or about January, 2018, Broderick became Plaintiff's Supervisor. Thereafter Plaintiff was subjected to instances of retaliation by him, which included, but were not limited to, nitpicking her work performance, threatening to write her up for an attendance issue when she was excused from working on a particular occasion, and otherwise treating her in a hostile and antagonistic manner.

18.     Thereafter, on or about April 5, 2018, without warning, Plaintiff was

- 3 -

removed from the schedule by Broderick.

19.     As a result of Broderick's actions, as aforesaid, Plaintiff was effectively terminated from her employment on said date.

20.     After her termination, Broderick subjected Plaintiff to further acts of retaliation by informing her co-workers that she was fired due to "theft", a fact known to him to be untrue.

21.     Plaintiff believes and avers that she was subjected to sexual harassment and retaliation, as aforesaid, ultimately resulting in her termination from employment with Defendant.

## COUNT I
### (Title VII)
### Sexual Harassment
### Terms, Conditions and Privileges of Employment/Termination/Retaliation

22.     Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as if fully set forth at length herein.

23.     The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to sexual harassment and retaliation in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), *et seq.*

24.     Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

25.     As a direct result of Defendant's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of

- 4 -

self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (PHRA)
## Sexual Harassment
### Terms, Conditions and Privileges of Employment/Termination/Retaliation

26.     Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth at length herein.

27.     The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to sexual harassment and retaliation in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment, constituted a violation of the Pennsylvania Human Relations Act 43 P.S. § 951, et seq.

28.     Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

29.     As a direct result of Defendant's willful and unlawful actions in violation of the PHRA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

30.     Plaintiff repeats the allegations of paragraphs 1 through 29 of this Complaint as if set forth herein at length.

- 5 -

WHEREFORE, Plaintiff requests the Court to enter judgment in her favor and against Defendant and order:

(a)     Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(b)     Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c)     Defendant pay to Plaintiff punitive damages under Title VII and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)     The Court award such other relief as is deemed just and proper.

THE LOVITZ LAW FIRM, P.C.

By:_____
        KEVIN I. LOVITZ, ESQUIRE
        ID # 70184
        One Liberty Place
        1650 Market Street, 36th Fl.
        Philadelphia, PA 19103
        (215) 735-1996 Phone
        (267) 319-7943 Fax
        Kevin@LovitzLaw.com

        *Attorney for Plaintiff, Kadeedra Bright*